UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WELLS FARGO BANK, NATIONAL
ASSOCIATION,

     Plaintiff,

v.

RODNEY DESSBERG, ET AL.,

     Defendants.

_____/

CASE NO. 8:15-cv-2502-T-33AEP

## PLAINTIFF'S MOTION TO REMAND
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Wells Fargo Bank, N.A., ("Wells Fargo"), pursuant to 28 U.S.C. § 1447, submits its motion to remand this commercial real estate foreclosure case to state court. The removing defendant Rodney Dessberg is a Florida citizen who filed his notice of removal more than a year after being served with the underlying state court complaint. Consequently, his request for removal is both untimely and improper under 28 U.S.C. 1441 and 1446. Wells Fargo requests an award of its fees for this latest dilatory tactic.

## BACKGROUND AND INTRODUCTION

On July 15, 2014, Wells Fargo filed a 4-count commercial real estate foreclosure complaint in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida. [DE 10]. The commercial real estate at issue is located in Sarasota, Florida. Wells Fargo served Dessberg with process on July 23, 2014. (Ex. A). Dessberg is a citizen of Florida. (DE 10, ¶4). Dessberg apparently did not like state court and therefore moved to compel arbitration pursuant to the underlying loan documents. (Ex. B). Wells Fargo agreed to stay the state court action pending an arbitration decision.

The parties jointly selected American Arbitration Association arbitrator Michael Carey to arbitrate the dispute.   During the arbitration, Wells Fargo sought and obtained multiple rent sequestration orders and related contempt orders for Dessberg's repeated failures to comply with the rents orders. (Ex. C).   Dessberg soon asserted claims of impropriety and bias against the arbitrator and sought his removal. (Ex. D).  Wells Fargo ultimately prevailed on all aspects of its case after an evidentiary hearing. (Ex. E).

The Parties had agreed to an order allowing the state court to reserve jurisdiction to complete the foreclosure action following the arbitration.  (Ex. F, ¶ 1).  Wells Fargo therefore returned to state court to confirm the arbitration judgment and complete its foreclosure as to junior lienholders. (DE 11).  On October 1, 2015, more than a year after being served with the complaint, Dessberg removed this action to the District Court for the Southern District of Florida, where Dessberg's lawyer resides. (DE 1).  The Southern District transferred the case to this Court.  (DE 6).  In his Notice of Removal, Dessberg claims that this Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 USC 1332(a).

The Eleventh Circuit has held: "the burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (internal quotation omitted).  Here, Dessberg has failed to satisfy the diversity of citizenship removal criteria because he is citizen of Florida.

As all doubts concerning subject-matter jurisdiction are resolved in favor of remand, it is the appropriate remedy here.

## MEMORANDUM OF LAW

## I.    The Removing Party Cannot Remove This Case Based on Diversity Jurisdiction

"Pursuant to the "forum-defendant rule," a case may only be removed based on diversity of citizenship where none of the defendants is a citizen of the state in which the action is brought. "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441 (b)(2).  The burden of establishing subject-matter jurisdiction falls on the party invoking removal.  *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).   Further, because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.  *See Sygenta Crop Protection Inc. v. Henson*, 537 US 28, 32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941).   All doubts about jurisdiction should be resolved in favor of remand to state court.  *See Univ. of South Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

"When a defendant removes a case to federal court on diversity grounds, a court <u>must</u> remand the matter back to state court if any of the properly joined [defendants] are citizens of the state in which the suit was filed." *Florence v. Crescent Resources, LLC*, 484 F.3d, 1293, 1297 (11th Cir. 2007) (citing *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)) (emphasis added).  As recognized in *Matrix Z, LLC v. Landplan Design, Inc.*, 493 F. Supp. 2d 1242, 1245 (S.D. Fla. 2007), when a federal court's jurisdiction is premised upon the diversity of citizenship between the parties, the removing party "bears the obligation of demonstrating . . . that complete diversity exists between the parties." (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S. Ct. 1015 (1990)).

In the instant action, Dessberg cannot satisfy this burden since he is a citizen of Florida. Dessberg, in his Notice of Removal, does not claim he is not a citizen of Florida.  Dessberg fails altogether to address his citizenship.  As alleged in the Complaint, Dessberg is a citizen of

Florida. (DE 10, ¶ 4). The forum-defendant rule dictates that a case may only be removed based on diversity of citizenship where none of the defendants is a citizen of the state in which the action is brought. *See* USC § 1441(b) and *Florence*, 484 F.3d at 1297. Dessberg, a Florida citizen, strips this Court of subject matter jurisdiction. Under these circumstances, remand is appropriate.

## II.  The Removing Party Did Not Timely File Its Notice Of Removal

Dessberg failed to timely remove the state court action. 28 U.S.C. 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Further, 28 U.S.C. 1446(c)(1) provides that a case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the removed action. Dessberg fails to satisfy either deadline.

Wells Fargo filed its state court complaint on July 15, 2014. Wells Fargo served Dessberg with the state court complaint on July 23, 2014. (Ex. A). Dessberg filed his notice of removal on October 1, 2015. Consequently, Dessberg's notice of removal is untimely.

## REQUEST FOR FEES

Pursuant to 28 USC § 1447(c), Wells Fargo requests it be awarded all costs and fees, including attorneys' fees, incurred in seeking this remand. Section 1447(c) allows for the assessment of fees and costs where the removing party lacked an "objectively reasonable basis" for seeking removal. *Gonzalez v. J.C. Penney Corp.*, 209 Fed. Appx. 867, 869 (11th Cir. 2006). Wells Fargo seeks these fees against both Dessberg and his counsel.

## CONCLUSION

Wherefore, for the foregoing reasons, Wells Fargo respectfully requests:

    i.     The Court address its request for remand in this action.

    ii.    An order awarding Wells Fargo its fees incurred in seeking this remand, pursuant to 28 USC § 1447(c), against both Dessberg and his counsel.

## CERTIFICATE OF CONFERENCE PER M.D. FLA. L.R. 3.01

Pursuant to Local Rule 3.01(g), I hereby certify that prior to the filing of this motion Donald R. Kirk conferred with counsel for Defendant Dessberg on October 29, 2015 in an effort to avoid the filing of this motion.  Dessberg does not agree to the relief sought herein.

Dated:  October 29, 2015               */s/ Donald R. Kirk*

                                   Donald R. Kirk, Esquire
                                   Florida Bar Number:  0659101
                                   dkirk@cfjblaw.com
                                   CARLTON FIELDS JORDEN BURT, P.A.
                                   4221 W. Boy Scout Blvd., Suite 1000
                                   Tampa, FL  33607
                                   Telephone:  (813) 223-7000
                                   Facsimile:  (813) 229-4133

                                   *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 29, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Marcus Kimminau Soares, Esq.
4700 NW 2nd Avenue, Suite 202
Boca Raton, FL 33431
marcus@soareslaw.com
*Attorney for Rodney Dessberg*

I further certify that I sent the foregoing document by U.S. Mail to the following non-CM/ECF participants:

Unknown Tenant # 2 d/b/a Pizza Hut
4242 South Tamiami Trail
Sarasota, FL 34231

Unknown Tenant #3 d/b/a Cold Stone Creamery
Cold Stone Creamery, Inc.
Attn.: Real Estate
9311 E. Via de Ventura
Scottsdale, AZ 85258

Unknown Tenant # 6 d/b/a American Shave
4244 South Tamiami Trail
Sarasota, FL 34231

Unknown Tenant # 4 d/b/a Oasis Café
4246 South Tamiami Trail
Sarasota, FL 34231

Unknown Tenant # 1 d/b/a Mattress One
4232 South Tamiami Trail
Sarasota, FL 34231

*/s/Donald R. Kirk*
Attorney

Exhibit A

## <u>VERIFIED RETURN OF SERVICE</u>

State of Florida                    County of Sarasota                    Circuit Court

Case Number: 2014 CA 004108 NC

Plaintiff:
**WELLS FARGO BANK, NATIONAL ASSOCIATION, successor-by-merger to
SouthTrust Mortgage Corporation**
vs.
Defendant:
**RODNEY DESSBERG, et al.**

For:
Donald R. Kirk, Esq.
Carlton Fields, Jorden, Burt, P.A.

Received by ATA Process, LLC on the 17th day of July, 2014 at 9:00 am to be served on **Rodney Dessberg, 3935 North Washington Blvd., Sarasota, FL 34234.**

I, Mike Barberio, do hereby affirm that on the 23rd day of July, **2014 at 11:46 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUMMONS, NOTICE OF LIS PENDENS and COMPLAINT with EXHIBITS** with the date and hour of service endorsed thereon by me, to: Rodney Dessberg at the address of: **3935 North Washington Blvd., Sarasota, FL 34234,** and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Description** of Person Served: Age: 50+,  Sex: M,  Race/Skin Color: WHITE, Height: SIT,  Weight: ?,  Hair: BROWN, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action,  and am a Certified Process Server in good standing in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the forgoing Verified Return of service and the facts stated in it are True.

**Mike Barberio**
CPS#0328

**ATA Process, LLC**
**1207 N. Franklin Street**
**Suite 104**
**Tampa, FL 33602**
**(813) 600-3799**
Our Job Serial Number: DPP-2014002902

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

Exhibit B

Filing # 17760561 Electronically Filed 09/02/2014 04:46:17 PM

IN THE CIRCUIT COURT, TWELFTH
JUDICIAL CIRCUIT, IN AND FOR
SARASOTA COUNTY, FLORIDA

CASE NO.    58-2014-CA-004108-NC

WELLS FARGO BANK, NATIONAL
ASSOCIATION, successor-by-merger to
SouthTrust Mortgage Corporation,

      Plaintiff,

RODNEY DESSBERG, Individually;
UNKNOWN TENANT #1 d/b/a MATTRESS
ONE; UNKNOWN TENANT #2 d/b/a PIZZA
HUT; UNKNOWN TENANT #3 d/b/a COLD
STONE CREAMERY; UNKNOWN TENANT
#4 d/b/a OASIS CAFÉ; UNKNOWN TENANT
#5 d/b/a ROCCA LABS, INC.; UNKNOWN
TENANT #6 d/b/a AMERICAN SHAVE; and
UNKNOWN TENANT/SPOUSES/OWNERS
IN POSSESSION,

      Defendants.

_____/

## DEFENDANT'S MOTION TO DISMISS COMPLAINT AND DISSOLVE LIS PENDENS

COMES NOW Rodney Dessberg, and files this motion to dismiss the instant complaint as against all defendants pursuant to Fla. R. Civ. P. 1.120(a) and 1.140(b)(6), Fla. R. Civ. P. and dissolve the *lis pendens* recorded in connection with same.  As grounds therefor Defendant states:

### FACTS

1.    The instant complaint purports to state  causes of action for foreclosure of a mortgage and other loan documents on certain real and personal property and fixtures located in Sarasota County, Florida; for damages in excess of $15,000.00; and for the appointment of a receiver and/or sequestration of rents and profits.

2.    Attached to plaintiff's complaint are numerous documents it refers to collectively as "Loan Documents," including, without limitation, a promissory note identified as Exhibit "B"; a mortgage and security agreement and modification of same, respectively, which plaintiff

identifies as Composite Exhibit "C"; and an Assignment of Leases, Contracts, Rents, and Profits identified as Exhibit "D."

3.     The Plaintiff also specifically alleges in its complaint that a default under the Note constitutes a default under the Loan Documents (including the mortgage and assignment of rents). (vid. Complaint ¶ 17).

4.     The promissory note between the Plaintiff and the Defendant contains a broad arbitration claim, providing in relevant part as follows:

27.     Arbitration – Binding Arbitration.  Lender and each party to this agreement hereby agree, upon demand by any party, to submit **any Dispute to binding arbitration** in accordance with the terms of this Arbitration Program.  Arbitration may be demanded before the institution of a judicial proceeding, or during a judicial proceeding, but not more than 60 days after service of a complaint, third party complaint, cross-claim, or any answer thereto, or any amendment to any of such pleadings.  A "Dispute" shall include any dispute, claim, or controversy of any kind, whether in contract or tort, legal or equitable, **now existing or hereafter arising, relating in any way to any aspect of this agreement**, or any related agreement incorporating this Arbitration Program (the "Documents"), or any renewal, extension, modification or refinancing of any indebtedness or obligation relating thereto, including without limitation, their negotiation, execution, collateralization, administration, repayment, modification, extension, substitution, inducement, enforcement, default, or termination.  DISPUTES SUBMITTED TO ARBITRATION ARE NOT RESOLVED IN COURT BY A JUDGE OR JURY.

...

B.     No Waiver of Provisional Remedies, Self-Help and Foreclosure.  The arbitration requirement does not limit the right of any party to (i) foreclose against real or personal property collateral; (ii) exercise self-help remedies relating to collateral or proceeds of collateral such as setoff or repossession; or (iii) obtain provisional or ancillary remedies such as replevin, injunctive relief, attachment or the appointment of a receiver, before during or after the pendency of any arbitration proceeding.  **This exclusion does not constitute a waiver of the right or obligation of any party to submit any Dispute to arbitration or reference hereunder, including those arising from the exercise of the actions detailed in sections (i), (ii) and (iii) of this paragraph.**
...

(Plaintiff's Exhibit "B" – Amended, Restated, and Renewed Promissory Note, p. 10, ¶ 27)

5.     Both the mortgage identified as Composite Exhibit "C" and the Assignment of Leases, Contracts, Rents, and Profits identified as Exhibit "D" incorporate by reference the promissory note, and the Mortgage Modification Agreement dated March 16, 2012, expressly includes binding arbitration provisions identical to those set forth under the promissory note.

2

6. Plaintiff has failed to incorporate into its complaint any allegation or exhibit demonstrating that it has demanded that the claims and controversies alleged herein be submitted to binding arbitration.

## LEGAL ARGUMENT

7. The promissory note and mortgage contain an identical broad arbitration clause that has been incorporated by reference into the Assignment of Leases, Contracts, Rents, and Profits.

8. The arbitration clause in the Loan Documents requires binding arbitration of all disputes arising or related to same, as well as any provisional remedies available under law, including those set forth under the Assignment of Leases, Contracts, Rents, and Profits, and the *Lis Pendens*.

9. When a valid arbitration agreement exists, and no waiver of the right to arbitrate has occurred, both the Federal Arbitration act ("FAA") and the Florida Arbitration Code (the "Florida Code") require courts to dismiss the court proceedings. The FAA specifically provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action under such arbitration has been had in accordance with the terms of the agreement providing the applicant for the stay is not in default in proceeding with such arbitration. 9 U.S.C. § (3).

10. Florida law favors arbitration, often holding that any doubt regarding the arbitrability of a claim should be resolved in favor of arbitration. See, e.g., *Nestler–Poletto Realty, Inc. v. Kassin*, 730 So.2d 324, 325 (Fla. 4th DCA 1999); *United Ins. Co. of America v. Office of Ins. Regulation*, 985 So.2d 665, 668 (Fla. 1st DCA 2008); *Roe v. Amica Mut. Ins. Co.*, 533 So.2d 279, 281 (Fla.1988). In further recognition of this preference, we have previously applied the rule of maximum breadth so that arbitration clauses are given the "broadest possible interpretation in order to accomplish the purpose of resolving controversies out of court." *Auchter Co. v. Zagloul*, 949 So.2d 1189, 1195 (Fla. 1st DCA 2007).

3

11.     Different meanings have been given to clauses requiring arbitration on the basis of the actual terminology used. The phrase "arising out of or relating to" the contract, as found in the instant Loan Documents, has been interpreted broadly to encompass virtually all disputes between the contracting parties, including related tort claims. See *Southland Corp. v. Keating*, 465 U.S. 1, 15 n. 7, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984) (involving claims for fraud, misrepresentation, breach of contract, breach of fiduciary duty, and violation of state franchise investment law); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 406, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) (holding that contractual language "[a]ny controversy or claims arising out of or relating to this Agreement, or breach thereof" is "easily broad enough to encompass" claim for fraud in inducement of contract). The addition to the phrase "relating to" to the phrases "arising out of" or "under," has been construed as broadening the scope of the arbitration provision. *See McBro Planning and Dev. Co. v. Triangle Elec. Const. Co., Inc.*, 741 F.2d 342, 343 (11th Cir. 1984);   *See also American Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 93 (4th Cir.1996) (characterizing phrase "arise out of or related to" as broad arbitration clause "capable of an expansive reach"). *Id.* at 636–37 (footnote omitted); see *The Shakespeare Foundation, Inc. v. Jackson*, 61 So.3d 1194 (Fla. 1st DCA 2011).

12.     As can be seen from the language of the Loan Documents, a written demand is required to trigger the arbitration clause. Once the clause is appropriately invoked, arbitration becomes a condition precedent to the right of the Plaintiff to bring an action on the Loan Documents. *New Amsterdam Casualty Co. v. J.H. Blackshear, Inc.*, 116 Fla. 289, 156 So. 695 (1934); *Transamerica Insurance Co. v. Weed*, 420 So.2d 370 (Fla. 1st DCA 1982).   The instant Motion to Dismiss is deemed to constitute such a demand. *Balboa Insurance Co. v. W.G. Mills, Inc.*, 403 So.2d 1149 (Fla. 2d DCA 1981).

13.     Because there will be nothing left for the Court to do in this case once these claims are submitted to arbitration, the Court should dismiss the action in its entirety. *Florida*

4

*Keys Elec. Coop. Ass'n. v. A & G Blaton of Fla., Inc.*, 574 So.2d 1225 (Fla. 3d DCA 1991)( a

motion to dismiss is an appropriate vehicle for obtaining enforcement of an arbitration clause).

WHEREFORE, Defendant Rodney Dessberg respectfully requests that this Court grant

its motion and enter an order dismissing the instant complaint against all Defendants and

dissolving the *Lis Pendens* pending the arbitration of the instant dispute between the parties.

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was filed via the e-portal
this 2nd day of September, 2014, which will electronically serve a copy on Donald R. Kirk, Esq.,
CARLTON     FIELDS,     P.A.     P.O.     Box     3239,    Tampa,    Florida    33601-3239
dkirk@carltonfields.com.

MARCUS KIMMINAU SOARES, ESQ.
Attorney for Defendant Rodney A. Dessberg
4700 NW 2nd Avenue, Suite 202
Boca Raton, Florida 33431
(305) 305-6036 Telephone
(305) 513-5206 Telefacsimile

By: _____
MARCUS KIMMINAU SOARES, ESQ.
For the Firm
Fla. Bar No. 70998

Exhibit C

## American Arbitration Association

WELLS FARGO BANK NATIONAL
ASSOCIATION, successor-by-merger to
South Trust Mortgage Corporation,

      Claimant,

                            CASE NO.: 01-14-0001-6894

and

RODNEY DESSBERG, individually,

      Respondent.

_____/

### ORDER ON CLAIMANT'S MOTION TO INCREASE RENTS

THIS CAUSE came on before the undersigned Arbitrator on March 13, 2015, on Claimant's Motion to Increase Rents relating to the real property which is the subject of this Arbitration proceeding ("Subject Real Property"). The undersigned Arbitrator has considered same; has considered the Affidavit of Rodney Dessberg filed in opposition thereto; and has heard argument of counsel for Claimant and Respondent. It is thereupon

ORDERED that:

1.    Claimant's Motion to Increase Rents is hereby GRANTED, to the extent set forth in the following paragraphs of this Order.

2.    The November 4, 2014 Order entered in Sarasota County Circuit Court Case No. 58-2014-CA-004108-NC ("November 4, 2014 Order") shall apply to, and govern all rents, revenues, issues, profits and earnest money deposits/down payments collected or derived from the Subject Real Property (collectively "Rents"), on or before March 15, 2015. Accordingly, Respondent shall make the March 15, 2015 payment to Claimant, as required under the

November 4, 2014 Order. This Order shall apply to and supersede the November 4, 2014 Order, with respect to all Rents received by Respondent on or after March 16, 2015.

    3.    For purposes of this paragraph, the term "Preceding Fiscal Month" shall mean the sixteenth (16th) day of the preceding month through the fifteenth (15th) day of the current month. For example, March 16, 2015 through April 15, 2015 is the Preceding Fiscal Month to April 16, 2015. The term "Allowed Expenses" means all expenses for trash/recycling; electric utilities; building maintenance; property insurance; and general liability insurance relating to the Subject Real Property, provided that the monthly amount of such expenses, on a line item basis, is not greater than 120% of the amounts set forth on the line items for those expenses on Respondent's September 2014 profit and loss statement, which is annexed hereto as Exhibit "A". On or before the 16th day of April 2015 and on or before the 16th day of each day thereafter, while this Order is in effect, Respondent shall:

    (a) Pay to Claimant all Rents received by Respondent during the Preceding Fiscal Month, minus all Allowed Expenses paid by Respondent during the Preceding Fiscal Month;

    (b) Provide Claimant with written accounting, which shall include the following information:

- All Rents received by Respondent during the Preceding Fiscal Month, specifically itemizing the dollar amount of Rents received from each tenant;

- All Allowed Expenses paid by Respondent during the Preceding Fiscal Month, together with all invoices or other documents reflecting such Allowed Expenses;

- Cancelled checks or other documents reflecting Respondent's payment of the Allowed Expenses during the Preceding Fiscal Month; and

- a list of Respondent's accounts receivable, itemizing the dollar amount of accounts receivable due from each tenant on the Subject Real Property.

4.      In the event there are any expenses incurred or to be incurred by Respondent that do not constitute Allowed Expenses (or which exceed the amounts set forth on the line items set forth on Exhibit "A"), but which are necessary for the protection, preservation and operation of the Subject Real Property, Respondent shall provide Claimant with written documentation reflecting such expense and the reason(s) therefor, with the request that Claimant consent to such payment out of the Rents. If Claimant denies such request, or fails to respond to such request within five (5) calendar days, then Respondent may file the appropriate Motion with the American Arbitration Association, for determination by the undersigned Arbitrator.  In no event shall Respondent use the Rents to pay such expenses, unless and until Respondent receives either: (i) Claimant's written consent thereto; or (ii) the undersigned Arbitrator's written order allowing such payment.

5.      Respondent shall provide any manager of the Subject Real Property with a copy of this Order, immediately upon Respondent's receipt hereof; and direct the manager to comply with the terms of this Order.

6.      This Order does not limit, reduce otherwise affect Respondent's obligations to make payment of any amounts due under the Loan Documents which are the subject of this action, except to the extent of Claimant's actual receipt of funds. This Order shall not serve to

amend, modify, alter or act as a waiver of any of the rights of either Claimant or Respondent as set forth in the Loan Documents.

7.      Upon receipt of the Rents from Respondent, Claimant shall either: (i) promptly apply all amounts received to Respondent's then outstanding indebtedness to Claimant in the same manner as provided for in the Loan Documents; or (ii) escrow such funds for the payment of real estate taxes on the Subject Real Property.

8.      Upon five (5) days' notice, Claimant may conduct periodic audit of Respondents' books and records, for the purpose of determining compliance with this Order.


Dated:  March 16, 2015

_Michael R. Carey_
Michael R. Carey, Arbitrator

**AMERICAN ARBITRATION ASSOCIATION**

WELLS FARGO BANK NATIONAL
ASSOCIATION, successor-by-merger to
South Trust Mortgage Corporation,

        Claimant,

                              CASE NO.: 01-14-0001-6894

v.

RODNEY DESSBERG, individually,

        Respondent.

_____/

### ORDER ON CLAIMANT'S MOTION TO ENFORCE RENTS ORDER

THIS CAUSE came on before the undersigned Arbitrator on May 19, 2015, on the motion to enforce rents order filed by Claimant Wells Fargo Bank, N.A. The undersigned Arbitrator has considered same and has heard argument of counsel for Claimant and Respondent. It is thereupon

ORDERED that

1.    Claimant's motion to enforce rents order is GRANTED, to the extent set forth below.

2.    On or before 5:00 p.m. on May 22, 2015, Respondent shall pay Claimant the March 15, 2015 payment due under the November 4, 2014 order entered in Sarasota County Circuit Court Case No. 58-2014-CA-004108-NC.

3.    On or before 5:00 p.m. on May 22, 2015, Respondent shall pay Claimant the additional sum of $22,569.50, which is the gross amount of rents collected less "Allowed Expenses", for the time period of March 15, 2015 through May 15, 2015, pursuant to the Profit

& Loss statement submitted by Respondent. In the event that prior to 5:00 p.m. on May 19, 2015, Respondent actually paid either the real estate taxes or the professional fees reflected on the Profit & Loss statement, then:

 (i)  Respondent shall provide Claimant and the Arbitrator with a copy of the check(s) or other document(s) reflecting such payment(s); and

 (ii)  The amount of such payment shall be deducted from the payment obligation under this paragraph 3.

 4.  At or before 5:00 p.m. on May 29, 2015, Respondent shall comply with all non-monetary requirements and provisions of the Order dated March 16, 2015 on Claimant's motion to increase rents.

 5.  Claimant's request for attorneys' fees incurred in connection with the motion to enforce rents order is hereby GRANTED. Claimant shall file an affidavit and attorneys' fee records supporting its request on or before May 29, 2015. Respondent shall have until June 8, 2015, in which to file any opposition to the amount requested.

 6.  Except as expressly modified herein, the Order dated March 16, 2015 on Claimant's motion to increase rents remains and continues in full force and effect.

Dated: May 19, 2015

Michael R. Carey, Arbitrator

## AMERICAN ARBITRATION ASSOCIATION

WELLS FARGO BANK NATIONAL
ASSOCIATION, successor-by-merger to
South Trust Mortgage Corporation,

      Claimant,

                                   CASE NO.:  01-14-0001-6894

v.

RODNEY DESSBERG, individually,

      Respondent.

_____/

## ORDER DIRECTING PARITES TO COMPLY WITH JULY 8, 2015 ORDER ON CLAIMANT'S MOTION FOR SANCTIONS

On July 8, 2015, the undersigned Arbitrator entered an Order on Claimant's Motion for

Sanctions. ("Sanctions Order"). The Arbitrator finds that the parties have not complied with

certain aspects of the Sanctions Order.  It is thereupon

ORDERED that

1.     At or before 5:00 p.m. EST on July 17, 2015, Claimant's counsel is directed to

provide the Arbitrator and counsel for Respondent with written evidence of the dollar amount of

the March 15, 2015 payment under the November 4, 2014 Order in Sarasota County Circuit Case

No. 58-2014-CA-004108-NC, so that such amount may be included in the Interim and/or Final

Award. In the event Claimant's counsel fails to do so, Claimant will be deemed to have waived

its right to recover the March 15, 2015 payment as sanctions.

2.     If Respondent disagrees with Claimant's position on the dollar amount of the

March 15, 2015 payment, Respondent shall provide the Arbitrator and Claimant's counsel with

written notice of such disagreement and written evidence supporting Respondent's position as to the correct dollar amount, on or before 5:00 p.m. EST on July 21, 2015.

3.      Respondent is directed to provide the Arbitrator and counsel for Claimant with a written accounting reflecting all "Rents" received and "Allowed Expenses" for the time period of May 16, 2015 through July 15, 2015, at or before 5:00 p.m. EST on July 17, 2015, so that the Net Rents for such time period can be included in the Interim and/or Final Award. In the event the Respondent fails to do so, the amount of Net Rents for the time period of May 16, 2015 through July 15, 2015 shall be deemed to be $22,569.50, consistent with the documents produced by Respondent for the immediately preceding two week time period, and such amount shall be included in the amount of Net Rents awarded to Claimant as sanctions.

4.      Except as expressly set forth herein, the Sanctions Order remains and continues in full force and effect.


Dated: July 14, 2015

Michael R. Carey, Arbitrator

# AMERICAN ARBITRATION ASSOCIATION

WELLS FARGO BANK, NATIONAL
ASSOCIATION, successor-by-merger to
South Trust Mortgage Corporation,

    Claimant,

                                     AAA Case No. 01-14-0001-6894

v.

RODNEY DESSBERG, Individually,
Respondent

---

## AMENDED INTERIM AWARD

I, THE UNDERSIGNED ARBITRATOR, have been designated in accordance of with the Arbitration Agreement entered into by the above-named parties and dated March 16, 2012 and March 23, 2012 (both with an effective date of October 30, 2011), and have been duly sworn. I have previously entered the following orders:

- Order dated July 8, 2015 on Claimant's Motion for Partial Summary Judgment of Foreclosure as to Counts II, III and IV;

- Order dated July 8, 2015 on Claimant's Motion for Sanctions ("Sanctions Order"); and

- Interim Award dated July 10, 2015 on Counts II, III and IV of Claimant's Complaint ("July 10, 2015 Interim Award").

I have duly heard and fully considered the allegations, proofs and evidence of the parties presented at the Final Arbitration Hearing conducted on July 14, 2015. Based upon the evidence presented, I make this AMENDED INTERIM AWARD, as follows:

101639661.1

## FINDINGS OF FACT.

This dispute arises out of a commercial real estate note and mortgage relationship between Claimant Wells Fargo Bank, National Association ("Wells Fargo") and Respondent Rodney Dessberg ("Dessberg"). As set forth in the July 10, 2015 Interim Award, Wells Fargo is entitled the entry of a summary final judgment on the following counts of Wells Fargo's Complaint, which is attached to Wells Fargo's Demand for Arbitration: Count II (Foreclosure of commercial real estate mortgage based on a default of a Note, as defined below); Count III (foreclosure of UCC-1 Security Interests in Personal Property based on a default on the Note); and Count IV (Sequestration of Rents). Based on the evidence presented at the Final Arbitration Hearing, I find that Wells Fargo is entitled to the entry of final judgment on Count I (Bread of Loan Documents) of its Complaint. Wells Fargo is entitled to the remedies sought in all counts of its Complaint, including its right to a judgment for damages for breach of the Loan Documents; its right to foreclose on the real and personal property identified in the Loan Documents; the right to a credit bid; and a deficiency based on the amounts due under the Loan Documents.

1.    The Respondent executed and delivered to Wells Fargo or its predecessor numerous loan documents (collectively, the "Loan Documents"), including without limitation:

   a.  An Amended, Restated, and Renewed Note dated March 16, 2012, with an Effective Date of October 30, 2011, in the original stated principal amount of $1,336,663.86 (the "Note"). A copy of the Note is attached to the February 12, 2015 Notice and Demand for Arbitration by Wells Fargo Bank, N.A. ("Demand") as Exhibit "B."

   b.  Mortgage and Security Agreement (Amended and Restated), executed by Rodney Dessberg, joined by E.P. Dessberg, in favor of SouthTrust Bank, recorded May 1, 2003 at Instrument No. 2003084146, as modified by (i) Mortgage Modification Agreement executed by and between Rodney Dessberg and E.P.Dessberg and SouthTrust Bank, recorded March 12, 2004 at Instrument No. 2004046445, (ii) Modification of Mortgage executed by Rodney Dessberg and Wachovia Bank,

2

101639661.1

National Association, a national banking association, recorded September 2, 2008 at Instrument No. 2008118104, and (iii) Mortgage Modification Agreement executed by and between Rodney Dessberg and Wells Fargo Bank, National Association, as successor-by-merger to Wachovia Bank, National Association, recorded March 23, 2012 at Instrument No. 2012036676 (the "Mortgage"), copies of which are attached to the Demand as Composite Exhibit "C."

c.   Assignment of Leases, Contracts, Rents and Profits (Amended and Restated) executed by Rodney Dessberg, in joined by E.P. Dessberg, in favor of SouthTrust Bank, recorded May 1, 2003 at Instrument No. 2003084147 (the "Assignment of Rents"), and as modified by the Mortgage Modification Agreement executed by and between Rodney Dessberg and E.P. Dessberg and SouthTrust Bank, recorded March 12, 2004 at Instrument Number 2004046445, a copy of which is attached to the Demand as Exhibit "D."

d.   A UCC-1 Financing Statement from RODNEY DESSBERG, Debtor, to Wachovia Bank, National Association, Secured Party, filed in Florida's Secured Transaction Registry on January 24, 2008, having Filing Number 20080748815X, and recorded January 28, 2008, as Instrument No. 2008012586 of the public records of Sarasota County, Florida, as continued by that certain UCC Financing Amendment filed in Florida's Secured Transaction Registry on December 19, 2012, having filing Number 201208065716 and recorded December 26, 2012, as Instrument No. 2012168847 of the public records of Sarasota County, Florida, (collectively, the "UCC"), copies of which are attached to the Demand as Composite Exhibit "E."

2.      The Note indebtedness is secured, in part, by all of the real and personal property, fixtures, improvements, rents, profits, and other assets described in the Loan Documents (collectively, the "Property").

3.      The Loan Documents are valid, binding, and enforceable.

4.      The Respondent is the owner and has possession of the Property.

5.      Wells Fargo owns and holds all of the Loan Documents, including the Note. Wells Fargo has standing to pursue all of the rights and remedies under the Loan Documents, including the Note. Wells Fargo has possession of the original Note.

101639661.1

6.     Wells Fargo is a national banking association, and is successor by merger to Wachovia Bank, National Association and SouthTrust Bank, pursuant to those certain Certificates of Merger, copies of which are attached to the Demand as Composite Exhibit "A". The Note is an Amended, Restated, and Renewed Promissory Note, which expressly states that "[t]he Original Note (as defined therein, and includes a prior renewal and modification) is hereby renewed, amended, and restated in its entirety by the terms of this Note." The Note entirely replaces the original note(s) and contains all of the controlling terms. The terms of the original note(s) are of no effect after execution of the restated Note.

7.     Wells Fargo never extended, renewed, modified, or otherwise altered the Loan Documents, including the Note, at any time on or after the February 28, 2014 maturity date and no written signed, enforceable agreement to that effect exists. Thus, the Note and Mortgage are the operative loan documents in this matter and the full amount payable to Wells Fargo under the Loan Documents is due and payable.

8.     Respondent defaulted under the terms of the Loan Documents by reason of his failure to make the loan payment due on or after the February 28, 2014 maturity date of the Note.

9.     A default under the Note constitutes a default under the Loan Documents (including the Mortgage and the Assignment of Rents).

10.     Wells Fargo has provided Respondent with all requisite notices required under the Loan Documents to maintain this action.

11.     Wells Fargo has timely made all requisite demands for turnover of all rents, issues, and profits pursuant to the Assignment of Rents, Mortgage, and Section 697.07, Florida Statutes. Copies of these rent demands are attached to the Demand as Composite Exhibit "F."

12.     All required documentary stamp taxes related to the Loan Documents have been paid in accordance with Florida law.

13.     All conditions precedent to the maintenance of this action by Wells Fargo have been performed, excused, waived, or have otherwise occurred.

14.     In order to determine the amount of Wells Fargo's credit bid in a foreclosure, one must determine the amount Respondent owes Wells Fargo under the Loan Documents. Respondent owes Wells Fargo the following sums of money as of May 28, 2015:

| | |
|---|---|
| Principal | $1,057,829.22 |
| Interest | 49,312.26 |
| Taxes paid | 50,200.58 |
| Other (environmental search) | 7,695.00 |
| **Total** | **$1,165,037.06** |

Per diem interest in the amount of $161.61 will accrue on the principal from and after May 28, 2015. Thus, additional interest in the amount of $5,656.35 has accrued between May 29, 2015 and July 7, 2015.

15.     Thus as of July 7, 2015, Respondent owes Wells Fargo $1,170,693.41 that is due under the Loan Documents.

16.     Wells Fargo is entitled to recover its reasonable attorneys' fees and costs. Claimant shall, on or before 5:00 p.m. EST on July 31, 2015, submit an Affidavit with supporting invoices, in support of the amount of attorneys' fees and costs requested. On or before 5:00 p.m. EST on August 14, 2015, Respondent shall submit its opposition, if any, to the amount of attorneys' fees and costs requested by Claimant. Based on the parties' submissions, the amount of attorneys' fees and costs to be awarded to Claimant will be included the Final Award.

101639661.1

17.     As set forth in the Sanctions Order and in the July 10, 2015 Interim Award, Wells Fargo is entitled to recover from Dessberg, the March 15, 2015 payment under the November 4, 2014 order in the Sarasota County Circuit Court Case No. 58-2014-CA-004108-NC; plus "Net Rents" for the time period of March 15, 2015 through July 15, 2015. The term "Net Rents", as used herein means all rents, revenues, issues, profits and earnest money deposits/down payments collected or derived from the real property which is the subject of this action, less "Allowed Expenses" for trash/recycling; electric utilities; building maintenance; property insurance; and general liability insurance relating to the subject real property, provided that the monthly amount of such expenses, on a line item basis, is not greater than 120% of the amount set forth on the line items for those expenses on Respondent's September 2014 profit and loss statement, all as set forth in the Arbitrator's March 16, 2015 Order on Claimant's motion to increase rents. The amount of Net Rents to be awarded will be determined upon the parties' submissions, as directed in the Sanctions Order, and as further directed in the Arbitrator's July 14, 2015 Order Directing Parties to Comply with July 8, 2015 Order on Claimant's motion for sanctions.

## CONCLUSIONS OF LAW

**I.     Count I - Breach of Loan Documents**

I find that Wells Fargo is entitled to final judgment as to Count I – Breach of Loan Documents. As of July 7, 2015, Respondent owes Wells Fargo $1,170,693.41 (plus attorneys' fees, costs and post July 7, 2015 interest).

**II.     Count II – Foreclosure of Mortgage**

I find that Wells Fargo is entitled to final judgment as to Count II – mortgage foreclosure. Wells Fargo is entitled to a foreclosure sale to foreclose any and all of Respondent's interests as

6

to the Property described in the Loan Documents which secures the Note based on the Respondent's default under the Loan and Loan Documents.  As of July 7, 2015, Respondent owes Wells Fargo $1,170,693.41 (plus attorneys' fees, costs and post July 7, 2015 interest) under the Loan Documents, and Wells Fargo is entitled to a credit bid at the foreclosure sale in that amount.

Wells Fargo has a lien upon and security interest in the Property, which lien and security interest are prior, paramount, and superior in dignity to the right, title, interest, claims, liens, encumbrances, and equities of Respondent and all persons or entities claiming by, through, or under Respondent.  The proceeds derived from a foreclosure sale of the Property shall first be paid to Wells Fargo or its assignee to pay all sums due under or pursuant to this Order.

**III.    Count III – Foreclosure of UCC-1 Security Interests in Personal Property**

I find that Wells Fargo is entitled to a final judgment as to Count III – UCC-1 foreclosure.  Wells Fargo is entitled to a foreclosure sale to foreclose all of the Respondent's interests as to the personal estate described in the Loan Documents which secured the Note based on the Respondent's default under the Loan and Loan Documents.  As of July 7, 2015, Respondent owes Wells Fargo $1,170,693.41 (plus attorney's fees and post-July 7, 2015 interest) under the Loan Documents, and Wells Fargo is entitled to a credit bid at the foreclosure sale in that amount.

Wells Fargo has a lien upon and security interest in the Property, which lien and security interest are prior, paramount, and superior in dignity to the right, title, interest, claims, liens, encumbrances, and equities of Respondent and all persons or entities claiming by, through, or under Respondent.  The proceeds derived from a foreclosure sale of the Property shall first be paid to Wells Fargo or its assignee to pay all sums due under or pursuant to this Order.

IV.     **Count IV – Sequestration of Rents**

     I find that Wells Fargo is entitled to a final judgment as to Count IV – Sequestration of Rents; and for the Net Rents awarded as sanctions pursuant to the Sanctions Order. Wells Fargo is entitled to this judgment based on the Respondent's default under the Loan and Loan Documents; as well as Respondent's violations of the Arbitrator's prior orders as set forth in the Sanctions Order. As set forth in ¶17 of the Findings of Fact above, the amount of Net Rents to be awarded will be determined by the parties' submissions, as directed in the Sanctions Order, and as further directed in the Arbitrator's July 14, 2015 Order Directing Parties to Comply with July 8, 2015 Order on Claimant's Motion for Sanctions. All Net Rents occurring subsequent to July 15, 2015 belong to Wells Fargo and Respondent shall turn over all such rents directly to Wells Fargo until a foreclosure sale is complete. To the extent Wells Fargo receives Net Rents either previously having accrued or hereafter the accruing prior to the foreclosure sale date, the dollar amount of the Net Rents received shall reduce the amounts recoverable by Wells Fargo under the other counts of its Complaint.

V.     **Defenses**

     I find that each and every defense and affirmative defense set forth by Respondent in this matter, including those in his Answer and Affirmative Defenses and Motion to Dismiss/Motion for Summary Judgment, are legally and factually without merit, denied, overruled, and otherwise legally and factually insufficient to preclude any of the relief sought by Wells Fargo in this action. These defenses include, but are not limited to, arguments concerning standing, compliance with the applicable rules of this proceeding, satisfaction of any condition precedent, compliance with various Florida statutes, and notice. No counterclaims have been asserted and the time to do so has passed. Consequently, any counterclaims are now barred.

## VI.    Conclusion

The foregoing findings of fact and conclusions of law constitute my Amended Interim Award. I reserve jurisdiction to consider the parties' submissions on Net Rents, attorneys' fees and costs, as set forth above.  Upon my determination of the amount of Net Rents, attorneys' fees and costs to be awarded to Wells Fargo, a Final Arbitration Award shall be entered.

This Award shall remain in full force and effect until such time as a Final Award is rendered.

Dated: July _15_, 2015

_Michael R. Carey_

Michael R. Carey, Arbitrator

101639661.1

Exhibit D

| | |
|---|---|
| **From:** | marcus soares <marcus@soareslaw.com> |
| **Sent:** | Monday, July 13, 2015 4:25 PM |
| **To:** | AAA Rebecca Storrow; Kirk, Donald R.; Rodney Dessberg |
| **Subject:** | AAA Case No. 01-14-001-6894 Wells Fargo/Dessberg |

Ms. Storrow:

Please treat this email as Respondent's Motion to Disqualify Arbitrator Carey from these proceedings pursuant to R-18 of the Commercial Rules.

Arbitrator Carey has exceeded the scope of his authority by admitting in proceedings held last week, on Tuesday, July 7, 2015, that he made a determination that Claimant's Motion for Summary Judgment was likely to succeed approximately three (3) months prior to Claimant actually filing its Motion for Partial Summary Judgment.

This determination was a clear violation of R-33, which requires that he review the proposed dispositive motion itself in order to make such a determination prior to permitting the filing of or making a ruling as to the merits of same. Rule R-1 makes clear that R-33 is applicable to the instant proceedings.

Moreover, Arbitrator Carey clearly exceeded his authority when he awarded attorney's fees to Claimant notwithstanding that Paragraph 16C of the Mortgage to which he cited specifically limits his authority to an award of "all costs and fees" without making any reference whatsoever to "attorney's fees. Florida law is clear that even if an agreement specifies authority award "all costs" or "all costs and expenses" such provisions only extend to those costs that are taxable pursuant to Florida's Uniform Guidelines, unless the operative contract specifically identifies those specific costs as being recoverable by the prevailing party. Midway Services, Inc. v. Custom Manufacturing & Engineering, Inc., 974 So. 2d 427, 430 (Fla. 2d DCA 2007), and Wood v. Panton & Co. Realty, Inc., 950 So. 2d 534, 535 (Fla. 4th DCA 2007). Attorney's fees will not be regarded as "costs" unless they are specifically designated as such in a statute, by agreement or by contract. Fla. Patient's Comp. Fund v. Moxley, 557 So.2d 863 (Fla.1990); Donner v. Red Top Cab & Baggage Co., 160 Fla. 882, 37 So.2d 160, 161 (1948); see also Price v. Tyler, 890 So.2d 246, 251 (Fla.2004).

Moreover, the term "fees" in the context of "costs and fees" does not relate or encompass in any manner to "attorney's fees" but, rather, applies to the items that are chargeable by law between an officer or witness and the party whom he serves. Dade County v. Strauss, 246 So.2d 137 (Fla. 3d DCA 1971); see also Spiegel v. Williams, 545 So.2d 1360 (1989).

Finally, Arbitrator Carey adopted verbatim in his interim order the proposed findings presented by the Claimant in his Order granting Claimant's Motion for Partial Summary Judgment, even though he did not have before him any of the facts or issues of law underlying Count I of Claimant's Demand, which sounded in an action on a promissory note, upon which Claimant's remaining Counts are dependent.  He made multiple specific findings in his Order granting Partial Summary Judgment not only as to the existence and enforceability of said promissory note, but also dismissed all affirmative defenses presented by Respondent against same as without merit.

Florida law is clear that the existence and enforceability of the promissory note underlying a foreclosure action must first be established before the relief sought under the remaining Counts could be granted.

Arbitrator Carey's pre-determination of the issues concerning the promissory note when such issues were not properly before him, coupled with determinations that clearly exceeded his scope of authority under the operative agreement give Respondent  a reasonable fear that the Arbitrator is partial to the Claims of Claimant and that his determination is and will be both arbitrary and capricious.

In light of the foregoing, Respondent objects to the continued participation of Arbitrator Carey in these proceedings and demands his immediate disqualification.

We are presently scheduled for a final hearing in this matter, tomorrow, July 14th, 2015.  If the AAA determines to permit Arbitrator Carey to proceed with the hearing on this motion, then Respondent renews its objection based upon the foregoing.  Undersigned counsel will be present at the hearing telephonically and, as I have advised in my previous emails, I will send a court reporter to take a stenographic record of the proceedings, as is Respondent's right in these proceedings.

Sincerely,

Marcus Kimminau Soares, Esq.

SOARES LAW, PLC

4700 N.W. 2nd Avenue, Suite 202

Boca Raton, Florida 33431

(305) 305-6036 Tel.

(305) 513-5206

Exhibit E

## AMERICAN ARBITRATION ASSOCIATION

WELLS FARGO BANK, NATIONAL
ASSOCIATION, successor-by-merger to
South Trust Mortgage Corporation,

    Claimant,

    v.

                                  AAA Case No. 01-14-0001-6894

RODNEY DESSBERG, Individually,
Respondent

_____

### FINAL ARBITRATION AWARD

    I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance of with the Arbitration Agreement entered into by the above-named parties and dated March 16, 2012 and March 23, 2012 (both with an effective date of October 30, 2011); having been duly sworn; having fully considered the allegations, proofs and evidence of the parties presented at the Final Arbitration Hearing conducted on July 14, 2015; and having previously rendered an Interim Award dated July 10, 2015 and an Amended Interim Award dated July 15, 2015, do hereby issue this FINAL ARBITRATION AWARD, as follows:

### FINDINGS OF FACT

    This dispute arises out of a commercial real estate note and mortgage relationship between Claimant Wells Fargo Bank, National Association ("Wells Fargo") and Respondent Rodney Dessberg ("Dessberg"). Wells Fargo is entitled the entry of final judgment on the following counts of Wells Fargo's Complaint, which is attached to Wells Fargo's Demand for Arbitration: Count I (Breach of Loan Documents); Count II (Foreclosure of commercial real estate mortgage based on a default of a Note, as defined below); Count III (foreclosure of UCC-1 Security Interests in Personal Property based on a default on the Note); and Count IV

1

(Sequestration of Rents). Wells Fargo is entitled to the remedies sought in all counts of its Complaint, including its right to a judgment for damages for breach of the Loan Documents; its right to foreclose on the real and personal property identified in the Loan Documents; the right to a credit bid; and a deficiency based on the amounts due under the Loan Documents.

1.    Dessberg executed and delivered to Wells Fargo or its predecessor numerous loan documents (collectively, the "Loan Documents"), including without limitation:

    a.  An Amended, Restated, and Renewed Note dated March 16, 2012, with an Effective Date of October 30, 2011, in the original stated principal amount of $1,336,663.86 (the "Note"). A copy of the Note is attached to the February 12, 2015 Notice and Demand for Arbitration by Wells Fargo Bank, N.A. ("Demand") as Exhibit "B."

    b.  Mortgage and Security Agreement (Amended and Restated), executed by Rodney Dessberg, joined by E.P. Dessberg, in favor of SouthTrust Bank, recorded May 1, 2003 at Instrument No. 2003084146, as modified by (i) Mortgage Modification Agreement executed by and between Rodney Dessberg and E.P.Dessberg and SouthTrust Bank, recorded March 12, 2004 at Instrument No. 2004046445, (ii) Modification of Mortgage executed by Rodney Dessberg and Wachovia Bank, National Association, a national banking association, recorded September 2, 2008 at Instrument No. 2008118104, and (iii) Mortgage Modification Agreement executed by and between Rodney Dessberg and Wells Fargo Bank, National Association, as successor-by-merger to Wachovia Bank, National Association, recorded March 23, 2012 at Instrument No. 2012036676 (the "Mortgage"), copies of which are attached to the Demand as Composite Exhibit "C."

    c.  Assignment of Leases, Contracts, Rents and Profits (Amended and Restated) executed by Rodney Dessberg, and joined by E.P. Dessberg, in favor of SouthTrust Bank, recorded May 1, 2003 at Instrument No. 2003084147 (the "Assignment of Rents"), and as modified by the Mortgage Modification Agreement executed by and between Rodney Dessberg and E.P. Dessberg and SouthTrust Bank, recorded March 12, 2004 at Instrument Number 2004046445, a copy of which is attached to the Demand as Exhibit "D."

    d.  A UCC-1 Financing Statement from RODNEY DESSBERG, Debtor, to Wachovia Bank, National Association, Secured Party, filed in Florida's Secured Transaction Registry on January 24, 2008, having Filing Number 20080748815X, and recorded January 28, 2008, as Instrument No. 2008012586 of the public records of Sarasota County, Florida, as continued by that certain UCC Financing Amendment filed in Florida's Secured Transaction Registry on December 19, 2012, having filing Number 201208065716 and recorded December 26, 2012, as

Instrument No. 2012168847 of the public records of Sarasota County, Florida, (collectively, the "UCC"), copies of which are attached to the Demand as Composite Exhibit "E."

2.      The Note indebtedness is secured, in part, by all of the real and personal property, fixtures, improvements, rents, profits, and other assets described in the Loan Documents (collectively, the "Property").

3.      The Loan Documents are valid, binding, and enforceable.

4.      Dessberg is the owner and has possession of the Property.

5.      Wells Fargo owns and holds all of the Loan Documents, including the Note. Wells Fargo has standing to pursue all of the rights and remedies under the Loan Documents, including the Note.   Wells Fargo submitted the original Note into evidence at the Final Arbitration Hearing.

6.      Wells Fargo is a national banking association, and is successor by merger to Wachovia Bank, National Association and SouthTrust Bank, pursuant to those certain Certificates of Merger, copies of which are attached to the Demand as Composite Exhibit "A". The Note is an Amended, Restated, and Renewed Promissory Note, which expressly states that "[t]he Original Note (as defined therein, and includes a prior renewal and modification) is hereby renewed, amended, and restated in its entirety by the terms of this Note." The Note entirely replaces the original note(s) and contains all of the controlling terms. The terms of the original note(s) are of no effect after execution of the restated Note.

7.      Wells Fargo never extended, renewed, modified, or otherwise altered the Loan Documents, including the Note, at any time on or after the February 28, 2014 maturity date and no written signed, enforceable agreement to that effect exists. Thus, the Note and Mortgage are

the operative loan documents in this matter and the full amount payable to Wells Fargo under the Loan Documents is due and payable.

8.      Dessberg defaulted under the terms of the Loan Documents by reason of his failure to make the loan payment due on or after the February 28, 2014 maturity date of the Note.

9.      A default under the Note constitutes a default under the Loan Documents (including the Mortgage and the Assignment of Rents).

10.     Wells Fargo has provided Dessberg with all requisite notices required under the Loan Documents to maintain this action.

11.     Wells Fargo has timely made all requisite demands for turnover of all rents, issues, and profits pursuant to the Assignment of Rents, Mortgage, and Section 697.07, Florida Statutes.   Copies of these rent demands are attached to the Demand as Composite Exhibit "F."

12.     All required documentary stamp taxes related to the Loan Documents have been paid in accordance with Florida law.

13.     All conditions precedent to the maintenance of this action by Wells Fargo have been performed, excused, waived, or have otherwise occurred.

14.     In order to determine the amount of Wells Fargo's credit bid in a foreclosure, one must determine the amount Dessberg owes Wells Fargo under the Loan Documents. Respondent owes Wells Fargo the following sums of money as of May 28, 2015:

| | |
|---|---|
| Principal | $1,057,829.22 |
| Interest | 49,312.26 |
| Taxes paid | 50,200.58 |
| Other   (environmental search) | 7,695.00 |
| **Total** | **$1,165,037.06** |

Per diem interest in the amount of $161.61 will accrue on the principal from and after May 28, 2015. Thus, additional interest in the amount of $5,656.35 has accrued between May 29, 2015 and July 7, 2015.

15.     Thus as of July 7, 2015, Dessberg owes Wells Fargo $1,170,693.41 that is due under the Loan Documents.

**Attorneys' Fees and Costs**

16.     Pursuant to the parties' Arbitration Agreement, the Arbitrator shall determine both entitlement and amount of attorneys' fees and costs to be awarded. In both the Interim Award dated July 10, 2015 and the Amended Interim Award dated July 15, 2015, as well as the order on Claimant's Motion for Sanctions dated July 8, 2015, the Arbitrator found that Wells Fargo was entitled to recover its reasonable attorneys' fees and costs from Dessberg.

17.     In support of its request for attorneys' fees and costs, Wells Fargo has submitted the Second Amended Affidavit of its counsel Donald R. Kirk, ("Kirk Affidavit"), together with invoices reflecting the attorneys' fees and costs requested. Dessberg has not filed any opposition to Wells Fargo's request for attorneys' fees and costs.

18.     Accordingly to the Kirk Affidavit, the attorneys for Wells Fargo expended 184.6 hours, and anticipates expending an additional 10 hours through the conclusion of this matter, for a total of 194.6 hours at a "blended" hourly rate of $298.22 per hour, for total attorneys' fees of $58,034.20.

19.     After consideration of the parties' submissions, the factors set forth in *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985) and Rule 4-1.5(b) of the Rules of Professional Conduct of the Florida Bar, I find that the hours expended, the hourly rates and the total amount charged by the attorneys for Wells Fargo are reasonable.

20.    Wells Fargo also requests an award of costs in the amount of $30,877.68[1], which consist of the following items:

- Copying costs;
- Postage;
- Federal Express;
- Telephone;
- Document preparation;
- Mileage;
- Real Property title search;
- UCC search;
- Filing fee;
- Service of process; and
- Fees paid to American Arbitration Association

21.    Under the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions and relevant case law, the copying costs, postage, Federal Express, telephone, document preparation, and mileage are properly considered overhead, and not taxable as costs. The costs incurred for title search ($350.00); UCC search ($186.00); filing fee ($2,044.55); service of process ($495.00); and fees paid to the American Arbitration Association ($27,475.00, subject to adjustment below by the American Arbitration Association), are properly taxable in favor of Wells Fargo and against Dessberg.

## Rents

22.    As set forth in the July 8, 2015 Order on Claimant's Motion for Sanctions and the July 10, 2015 Interim Award, Wells Fargo is entitled to recover from Dessberg, the March 15, 2015 payment under the November 4, 2014 order in the Sarasota County Circuit Court Case No. 58-2014-CA-004108-NC; plus "Net Rents" for the time period of March 15, 2015 through July 15, 2015. The term "Net Rents", as used herein means all rents, revenues, issues, profits and

---

[1] $30,877.68 is the amount set forth in the Kirk Affidavit. However, the statements attached to the Kirk Affidavit reflect a slightly lower amount of costs, $30,769.72. In view of the Arbitrator's ruling, this discrepancy is irrelevant.

earnest money deposits/down payments collected or derived from the real property which is the subject of this action, less "Allowed Expenses" for trash/recycling; electric utilities; building maintenance; property insurance; and general liability insurance relating to the subject real property, provided that the monthly amount of such expenses, on a line item basis, is not greater than 120% of the amount set forth on the line items for those expenses on Respondent's September 2014 profit and loss statement, all as set forth in the Arbitrator's March 16, 2015 Order on Claimant's Motion to Increase Rents. Based upon the parties' submissions, I find that:

- The March 15, 2015 payment is $10,871.83;

- The Net Rents for the time period of March 15, 2015 through May 15, 2015 are $22, 569.50;

- The Net Rents for the time period of May 16, 2015 through July 15, 2015 are $13,485.14.[2]

## CONCLUSIONS OF LAW

**I.      Count I - Breach of Loan Documents**

Wells Fargo is entitled to final judgment as to Count I – Breach of Loan Documents. As of July 7, 2015, Dessberg owes Wells Fargo $1,170,693.41 (plus attorneys' fees, costs and post July 7, 2015 interest).

**II.     Count II – Foreclosure of Mortgage**

Wells Fargo is entitled to final judgment as to Count II – mortgage foreclosure.   Wells Fargo is entitled to a foreclosure sale to foreclose any and all of Dessberg's interests as to the

---

[2] The line item for repairs and maintenance on Respondent's Profit and Loss Statement for the time period of May 16, 2015 through July 15, 2015 exceeded 120% of the amount for that same line item on Respondent's Profit and Loss Statement for the time period of March 15, 2015 through May 15, 2015 by $168.08. Accordingly, as per the July 8, 2015 Order on Claimant's Motion for Sanctions, the Net Rents reflected on the May 16, 2015 through the July 15, 2105 Profit and Loss Statement has been increased by that amount.

Property described in the Loan Documents which secures the Note based on the Dessberg's default under the Loan and Loan Documents. As of July 7, 2015, Dessberg owes Wells Fargo $1,170,693.41 (plus attorneys' fees, costs and post July 7, 2015 interest) under the Loan Documents, and Wells Fargo is entitled to a credit bid at the foreclosure sale in that amount.

Wells Fargo has a lien upon and security interest in the Property, which lien and security interest are prior, paramount, and superior in dignity to the right, title, interest, claims, liens, encumbrances, and equities of Dessberg and all persons or entities claiming by, through, or under Dessberg. The proceeds derived from a foreclosure sale of the Property shall first be paid to Wells Fargo or its assignee to pay all sums due under or pursuant to this Order.

### III.   Count III – Foreclosure of UCC-1 Security Interests in Personal Property

Wells Fargo is entitled to a final judgment as to Count III – UCC-1 foreclosure. Wells Fargo is entitled to a foreclosure sale to foreclose all of the Dessberg's interests as to the personal estate described in the Loan Documents which secured the Note based on the Dessberg's default under the Loan and Loan Documents. As of July 7, 2015, Dessberg owes Wells Fargo $1,170,693.41 (plus attorney's fees and post-July 7, 2015 interest) under the Loan Documents, and Wells Fargo is entitled to a credit bid at the foreclosure sale in that amount.

Wells Fargo has a lien upon and security interest in the Property, which lien and security interest are prior, paramount, and superior in dignity to the right, title, interest, claims, liens, encumbrances, and equities of Dessberg and all persons or entities claiming by, through, or under Respondent. The proceeds derived from a foreclosure sale of the Property shall first be paid to Wells Fargo or its assignee to pay all sums due under or pursuant to this Order.

IV.     **Count IV – Sequestration of Rents**

Wells Fargo is entitled to a final judgment as to Count IV – Sequestration of Rents; and for the Net Rents awarded as sanctions pursuant to the Sanctions Order. Wells Fargo is entitled to this judgment based on the Dessberg's default under the Loan and Loan Documents; as well as Dessberg's violations of the Arbitrator's prior orders as set forth in the Sanctions Order. As set forth in ¶17 of the Findings of Fact above, the amount of Net Rents to be awarded $46,926.47. All Net Rents occurring subsequent to July 15, 2015 belong to Wells Fargo and Dessberg shall turn over all such rents directly to Wells Fargo until a foreclosure sale is complete. To the extent Wells Fargo receives Net Rents either previously having accrued or hereafter the accruing prior to the foreclosure sale date, the dollar amount of the Net Rents received shall reduce the amounts recoverable by Wells Fargo under the other counts of its Complaint.

V.      **Defenses**

Each and every defense and affirmative defense set forth by Dessberg in this matter, including those in his Answer and Affirmative Defenses and Motion to Dismiss/Motion for Summary Judgment, are legally and factually without merit, denied, overruled, and otherwise legally and factually insufficient to preclude any of the relief sought by Wells Fargo in this action. These defenses include, but are not limited to, arguments concerning standing, compliance with the applicable rules of this proceeding, satisfaction of any condition precedent, compliance with various Florida Statutes, and notice. No counterclaims have been asserted and the time to do so has passed. Consequently, any counterclaims are now barred.

## FINAL AWARD

As the FINAL AWARD, the undersigned Arbitrator awards in favor of Wells Fargo and against Dessberg, the following:

1.      The sum of $1,170,693.41 for breach of the Loan Documents, plus post- July 7, 2015 interest;

2.      Foreclosure of Wells Fargo's mortgage against the Real Property which is the subject of this arbitration, with Wells Fargo being entitled to a credit bid at the foreclosure sale in the amounts awarded herein plus any subsequently accruing interests;

3.      Foreclosure of all of Dessberg's personal estate described in the Loan Documents, with Wells Fargo being entitled to a credit bid at the foreclosure sale in the amounts awarded herein plus any subsequently accruing interest;

4.      The sum of $46,926.47 for Net Rents through July 15, 2015, plus any subsequently accruing Net Rents directly or indirectly received by Dessberg. To the extent Wells Fargo receives Net Rents either having previously accrued or hereafter accruing prior to the foreclosure sale date, the dollar amount of the Net Rents shall reduce the amounts recoverable by Wells Fargo under the other paragraphs of this Award;

5.      The sum of $58,034.20 for attorneys' fees incurred by Wells Fargo as a result of Dessberg's default on the Loan Documents;

6.      The sum of $3075.55 for costs incurred by Wells Fargo as a result of Dessberg's default on the Loan Documents, (not including sums paid to the American Arbitration Association, which are addressed in ¶7 below); and

7.      The Administrative fees and expenses of the AAA totaling $14,700.00 are to be borne $14,700.00 by Rodney Dessberg.  The compensation and expenses of the Arbitrator

totaling $11,433.21 are to be borne $11,433.21 by Rodney Dessberg, minus $637.50 previously

paid by Rodney Dessberg, for a net payment due of $10,795.71. Therefore, Rodney Dessberg

shall pay Wells Fargo Bank, N.A. the amount of $25,495.71.

      This Award is in full settlement of all claims submitted in this Arbitration.

      All claims not expressly granted herein are hereby denied.

Dated:  August 25, 2015

                                        Michael R. Carey, Arbitrator

Exhibit F

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR SARASOTA COUNTY, FLORIDA

CASE NO: 58-2014-CA-004108-NC

WELLS FARGO BANK, NATIONAL
ASSOCIATION, successor-by-merger to
SouthTrust Mortgage Corporation,

      Plaintiff,

vs.

RODNEY DESSBERG, Individually;
UNKNOWN TENANT #1 d/b/a MATTRESS
ONE; UNKNOWN TENANT #2 d/b/a PIZZA
HUT; UNKNOWN TENANT #3 d/b/a COLD
STONE CREAMERY; UNKNOWN
TENANT #4 d/b/a OASIS CAFÉ;
UNKNOWN TENANT #5 d/b/a ROCCA
LABS, INC.; UNKNOWN TENANT #6 d/b/a
AMERICAN SHAVE; and UNKNOWN
TENANT/SPOUSES/ OWNERS IN POSSESSION,

      Defendants,

_____/

## ORDER ON DEFENDANT'S AMENDED MOTION TO DISMISS COMPLAINT OR TO STAY ACTION AND COMPEL ARBITRATION; AND FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR ENFORCEMENT OFASSIGNMENT OF RENTS; AND PLAINTIFF'S CROSS-MOTION TO COMPEL COMPLIANCE WITH SAME

THIS CAUSE came before the Court for hearing upon Defendant's Amended Motion to

Dismiss Plaintiff's Complaint or to Stay the Action and Compel Arbitration; and for

Reconsideration of the Order Granting Plaintiff's Motion for Enforcement of Assignment of

Rents; and Plaintiff's Cross-Motion to Compel Compliance with Same, and the Plaintiff and

Defendant Rodney Dessberg having entered into an agreement relative to same, and the Court

being otherwise duly advised herein, it is hereby Ordered as follows:

1.     Plaintiff's Motion to Dismiss is Granted in part, and this action is stayed in its entirety as to all parties, except as otherwise expressly provided herein, and the Plaintiff and Defendant Rodney Dessberg are directed to submit to binding arbitration all disputes between the Plaintiff and Dessberg as set forth under Plaintiff's complaint.  The Court retains jurisdiction following the arbitration for all necessary actions to conclude this lawsuit.

2.     Plaintiff's Motion for Reconsideration is Granted in part and the Court adopts the agreement of the Parties to amend the Order Enforcing Assignment of Rents as follows:

a.     Rodney Dessberg is ordered to pay Plaintiff on a monthly basis an amount of rent equal to what was being paid by him to Plaintiff pursuant to the promissory note immediately preceding its maturity.

b.     Rodney Dessberg shall pay said amounts on or before the 15th of each month, commencing with the rent due for October 2014, and each month thereafter.

c.     Rodney Dessberg shall provide to Plaintiff all documentation required to be provided under the Order Enforcing Assignment of Rents on or before October 3, 2014.

d.     The Order Enforcing Assignment of Rents as amended will remain in full force and effect while the action remains stayed and the Plaintiff and Defendant arbitrate the disputes set forth in Plaintiff's complaint, and neither the agreement of the Plaintiff and Rodney Dessberg, nor this Agreed Amended Order will be construed as a waiver of the right of the Plaintiff or Rodney Dessberg to demand that all disputes be submitted to binding arbitration or conduct inconsistent with said right.

e.      The Order Enforcing Assignment of Rents as amended, is without prejudice to the right of either Plaintiff or Rodney Dessberg to revisit the merits of same (including the amounts to be paid under the Order) in the aforementioned arbitration proceedings.

DONE AND ORDERED in chambers at Sarasota, Sarasota County, Florida, this 4 day of September, 2014.

_____
Judge Kimberly Bonner

Copies furnished to: 11\4\14

Donald R. Kirk, Esq., P.O. Box 3239, Tampa, FL 33601

Pizza Hut, 4242 South Tamiami Trail, Sarasota, FL 34231

Cold Stone Creamery, Inc., Attn: Real Estate, 9311 E. Via de Ventura, Scottsdale, AZ 85258

Cold Stone Creamery, 4248 South Tamiami Trail, Sarasota, FL 34231

Mattress One, 4232 South Tamiami Trail, Sarasota, FL 34231

Oasis Café, 4246 South Tamiami Trail, Sarasota, FL 34231

American Shave, 4244 South Tamiami Trail, Sarasota, FL 34231

Rodney Dessberg, c/o Marcus Kimminau Soares, Esq.  SOARES LAW, PLC, 4700 NW 2nd Avenue, Suite 202, Boca Raton, Florida 33431

3